UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KB HOME ORLANDO LLC,

    Plaintiff,

v.

CINCINNATI INSURANCE COMPANY
and MID-CONTINENT CASUALTY
COMPANY,

    Defendants.

CASE NO.

**COMPLAINT AND DEMAND FOR JURY TRIAL
BY PLAINTIFF KB HOME ORLANDO LLC**

Plaintiff KB HOME Orlando LLC ("KB HOME") sues Defendants Cincinnati Insurance Company ("Cincinnati") and Mid-Continent Casualty Company ("Mid-Continent") (collectively, the "Insurers") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for breach of the Insurers' duty to defend KB HOME as an Additional Insured under liability insurance policies in connection with a lawsuit filed by the Bayberry Lakes Homeowners Association, Inc. (the "Association") against KB HOME, styled as *Bayberry Lakes Homeowners Association, Inc. et al. v. Boeneman et. al.* (the "Bayberry Lawsuit"). KB HOME also seeks a declaration of its rights to a defense as an Additional Insured under the policies issued by the Insurers.

2. The Bayberry Lawsuit alleges property damage resulting from alleged construction defects due to work performed by KB HOME's subcontractor, Branco Lath & Stucco, Inc. ("Branco").

3. Branco was contractually obligated to and did obtain liability insurance policies from the Insurers as detailed in **Exhibit 1** hereto.

4. Each of the policies identified in **Exhibit 1** provides coverage to KB HOME as an Additional Insured, including the separate requirements that the Insurers (1) defend KB HOME against allegations of liability because of property damage resulting from Branco's work and (2) indemnify KB HOME for damages because of such property damage.

5. KB HOME tendered the Bayberry Lawsuit to the Insurers and demanded a defense and indemnity. However, Mid-Continent refused to provide a defense, and Cincinnati failed to respond to the demand for such an extended period of time that its nonresponse was an effective denial. As a result, KB HOME has been forced to bear the costs of defending itself against the Bayberry Lawsuit, even though such costs are the obligation of the Insurers.

## PARTIES AND JURISDICTION

6. Plaintiff KB HOME Orlando LLC is a Delaware limited liability company authorized to do business in the State of Florida, where it is engaged in the business of building homes. KB HOME Orlando LLC's sole member is KB HOME Florida LLC, a Delaware limited liability company. KB HOME Florida LLC's sole member is KB

HOME, a corporation organized under the laws of Delaware with its principal place of business in Los Angeles, California.

7. Defendant Cincinnati is a corporation organized under the laws of Ohio with its principal place of business in Fairfield, Ohio. Cincinnati is licensed to and does carry on business as a property and casualty insurer in the State of Florida.

8. Defendant Mid-Continent is a corporation organized under the laws of Ohio with its principal place of business in Tulsa, Oklahoma. Mid-Continent is licensed to and does carry on business as a property and casualty insurer in the State of Florida.

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because this matter involves a dispute between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this District; the properties that are the subject of the Bayberry Lawsuit are situated in this District; and the Insurers conduct business in this District.

11. KB HOME has retained the law firms of Pillsbury Winthrop Shaw Pittman LLP and Cogburn Law Firm, P.A. and has agreed to pay their reasonable attorneys' fees to represent it in this action.

12. All conditions precedent to bringing this action have been waived, excused, performed, or have otherwise occurred.

3

## FACTUAL ALLEGATIONS

I.  THE WORK PERFORMED BY BRANCO

13. KB HOME was the general contractor for a residential development known as Bayberry Lakes involving the construction of single-family homes located in Volusia County, Florida (the "Project").

14. On or about August 21, 2005, KB HOME entered into a master subcontract with Branco (the "2005 Subcontract"), pursuant to which Branco agreed to furnish labor and materials generally related to the installation of stucco for all projects on which it performed work for KB HOME, including the Project. A copy of the 2005 Subcontract currently in KB HOME's possession is attached as **Exhibit 2**.

15. The 2005 Subcontract included KB HOME's standard "Exhibit D – Insurance Requirements" form ("Exhibit D"). However, the copy of the 2005 Subcontract currently in KB HOME's possession omits Exhibit D. A copy of the standard Exhibit D that was included in the 2005 Subcontract is attached as **Exhibit 3**.

16. On or about August 17, 2007, KB HOME entered into a new master subcontract with Branco (the "2007 Subcontract"), pursuant to which Branco agreed to furnish labor and materials generally related to the installation of stucco for all projects on which it performed work for KB HOME, including the Project. A copy of the 2007 Subcontract currently in KB HOME's possession is attached as **Exhibit 4**.

17. The 2005 Subcontract and the 2007 Subcontract (collectively, the "Subcontracts") required that Branco obtain liability insurance naming KB HOME—as well as its parents, subsidiaries, and affiliates—as Additional Insureds with respect to

liability for property damage resulting from Branco's work on the Project, including property damage within the "products-completed operations hazard."

18. Branco completed its work on individual homes at the Project beginning in November 2006.

## II. THE BAYBERRY LAWSUIT

19. On November 22, 2017, the Association filed a Complaint for Damages and Demand for Jury Trial in the Bayberry Lawsuit, Volusia County Circuit Court Case No. 2017 31905 CICI (the "Complaint"). A copy of the Complaint is attached as **Exhibit 5**.

20. On December 4, 2017, the Association filed an Amended Complaint for Damages and Demand for Jury Trial in the Bayberry Lawsuit (the "Amended Complaint"). A copy of the Amended Complaint is attached as **Exhibit 6**.

21. On January 16, 2018, KB HOME removed the Bayberry Lawsuit to the United States District Court for the Middle District of Florida, Orlando Division, Case No. 6:18-cv-00072-CEM-GJK.

22. On February 21, 2018, the Association filed a Second Amended Complaint for Damages and Demand for Jury Trial (the "Second Amended Complaint"). A copy of the Second Amended Complaint is attached as **Exhibit 7**.

23. On November 9, 2018, the Association filed a Third Amended Complaint for Damages and Demand for Jury Trial (the "Third Amended Complaint"). A copy of the Third Amended Complaint is attached as **Exhibit 8**.

24. The Complaint, Amended Complaint, Second Amended Complaint, and Third Amended Complaint (collectively, the "Complaints") include the following common factual allegations, in relevant part:

> The [exterior(s)/exterior] of the Homes are all constructed with [Stucco/stucco].
>
> The defects and deficiencies in the [Stucco/stucco] are substantially similar for all Homes; uniformly plague all Homes; and require the same remediation and repair [. . .] for all Homes. [. . . .]
>
> Cumulatively, the Stucco Deficiencies have caused resulting damage to the Homes, including, but not limited to, damages to the work and property of other persons or entities, necessitating the need for repairs.

25. The Complaints include counts on behalf of both the Association and the individual homeowners asserting negligence against KB HOME under a theory of vicarious liability for the work performed by KB HOME's stucco subcontractor(s).

26. The vicarious liability counts asserted by the Association include the following allegations, in relevant part:

> [KB HOME] served as the . . . general contractor[(s)] . . . for [. . .] the Homes . . . .
>
> As the general contractors [. . .] for the subject project, [KB HOME] are vicariously responsible for the negligent construction performed by their subcontractors which worked [in on the homes/on the Homes].
>
> As a direct and proximate result of [KB HOME's] breach of the above-mentioned duties, the Association and members of the Association will be required to expend significant sums of money for the repair and maintenance of the Homes and for damages caused by the Stucco Deficiencies . . . .
>
> WHEREFORE, the Association demands . . . damages including, but not limited to . . . the resulting damages from the Stucco

> Deficiencies; the incidental and consequential damages caused thereby, including without limitation, loss of use of the homes . . . .

27. The vicarious liability counts asserted by the individual homeowners include the following allegations, in relevant part:

> [KB HOME] served as the [. . .] general contractor[(s)] . . . for [. . .] the Homes . . . .
>
> [Further, as/As] the general contractors [. . .] for [the Homes in the Bayberry Lakes subdivision/the subject project], [KB HOME] are vicariously responsible for the negligent construction performed by their subcontractors [which worked on the Homes].
>
> As a direct and proximate result of [KB HOME's] breach of the above-mentioned duties, [the] Homeowners [. . .] will be required to expend [large/significant] sums of money for the repair and maintenance of the Homes[,] and for damages caused by the Stucco Deficiencies . . . .
>
> WHEREFORE, [. . .] Homeowners [. . .] demand . . . damages including, but not limited to . . . the resulting damages from the Stucco Deficiencies; the incidental and consequential damages caused thereby including, without limitation, loss of use of the homes . . . .

28. KB HOME has incurred and continues to incur defense costs in connection with the Bayberry Lawsuit.

## FACTUAL ALLEGATIONS – CINCINNATI

### I. THE CINCINNATI POLICIES

29. Cincinnati issued at least two liability insurance policies that provide coverage to Branco as a Named Insured (the "Cincinnati Policies"). The Cincinnati Policies are listed in **Exhibit 1**, and copies of the Cincinnati Policies currently in KB HOME's possession are attached as **Exhibits 9 and 10**.

30. The insuring agreements of the Cincinnati Policies state, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . . .

31. The Cincinnati Policies define "property damage" to include:

> a. Physical injury to tangible property, including all resulting loss of use of that property . . . . or
>
> b. Loss of use of tangible property that is not physically injured . . . .

32. For coverage to be afforded under the Cincinnati Policies, "property damage" must be caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

33. The Automatic Additional Insured - When Required in Contract or Agreement with You endorsements in the Cincinnati Policies state, in relevant part:

> SECTION II - WHO IS AN INSURED, 2. is amended to include:
>
> e. Any person or organization, hereinafter referred to as ADDITIONAL INSURED:
>
> > (1) Who or which is not specifically named as an additional insured under any other provision of, or endorsement added to, this Coverage Part; and
> >
> > (2) For whom you are required to add as an additional insured on this Coverage Part
>
> under:
>
> > (1) A written contract or agreement; or
> >
> > (2) An oral agreement or contract where a certificate of insurance showing that person or organization as an additional insured has been issued;

8

> but only with respect to liability arising out of "your work" performed for that additional insured by you or on your behalf . . . .

34. The Subcontracts required that KB HOME and its parents, subsidiaries, and affiliates be named as Additional Insureds.

## II.   KB HOME'S DEMANDS UNDER THE CINCINNATI POLICIES

35. On or about February 28, 2018, KB HOME tendered the Bayberry Lawsuit to Cincinnati and, as an Additional Insured under the Cincinnati Policies, demanded a defense and indemnity in connection therewith.

36. To date, Cincinnati has neither provided KB HOME with a coverage determination or denial nor agreed to defend or indemnify KB HOME under the Cincinnati Policies. KB HOME has therefore been forced to provide its own defense in connection with the Bayberry Lawsuit.

## FACTUAL ALLEGATIONS – MID-CONTINENT

## I.   THE MID-CONTINENT POLICIES

37. Mid-Continent issued at least two liability insurance policies that provide coverage to Branco as a Named Insured (the "Mid-Continent Policies"). The Mid-Continent Policies are listed in **Exhibit 1**, and copies of the Mid-Continent Policies currently in KB HOME's possession are attached as **Exhibits 11 and 12**.

38. The insuring agreements of the Mid-Continent Policies state, in relevant part:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of . . . "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . . .

39. The Mid-Continent Policies define "property damage" to include:

   a. Physical injury to tangible property, including all resulting loss of use of that property . . . . or

   b. Loss of use of tangible property that is not physically injured . . . .

40. For coverage to be afforded under the Mid-Continent Policies, "property damage" must be caused by an "occurrence," which is defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

41. The Additional Insured – Owners, Lessees or Contractors endorsement in the 2008-09 Mid-Continent Policy (**Exhibit 11**) and the Owners, Lessees or Contractors Additional Insured endorsement in the 2011 Mid-Continent Policy (**Exhibit 12**) state, in relevant part:

> **WHO IS AN INSURED (Section II)** is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability caused, in whole or in part, by your performance of "your work" for that insured. [. . . .]
>
> This amendment applies only when you have agreed by written "insured contract" to designate the person or organization listed above as an additional insured subject to all provisions and limitations of this policy.

42. The Schedules of the Additional Insured – Owners, Lessees or Contractors endorsement and the Owners, Lessees or Contractors Additional Insured endorsement show KB HOME and/or its affiliate.

43. The Subcontracts required that KB HOME and its parents, subsidiaries, and affiliates be named as Additional Insureds.

10

**II.     KB HOME'S DEMANDS UNDER THE MID-CONTINENT POLICIES**

44.     On or about February 28, 2018, KB HOME tendered the Bayberry Lawsuit to Mid-Continent and, as an Additional Insured under the Mid-Continent Policies, demanded a defense and indemnity in connection therewith.

45.     On or about May 31, 2018, Mid-Continent refused to provide a defense and denied coverage.

46.     To date, Mid-Continent has not withdrawn its refusal to provide a defense to KB HOME under the Mid-Continent Policies. KB HOME has therefore been forced to provide its own defense in connection with the Bayberry Lawsuit.

**COUNT I**
**BREACH OF DUTY TO DEFEND AGAINST CINCINNATI**

47.     KB HOME re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

48.     The Cincinnati Policies are written contracts of insurance obligating Cincinnati to defend KB HOME, as an Additional Insured, against any claim seeking damages because of property damage that results from Branco's work, takes place during the policy period, and is caused by an occurrence. Cincinnati's contractual duty to defend is separate and apart from its duty to indemnify and is triggered if there is any potential for coverage.

49.     The Complaints allege facts that create the potential for coverage under the Cincinnati Policies, thereby triggering Cincinnati's duty to defend.

50.     Cincinnati has a personal and indivisible obligation to provide KB HOME, as its Additional Insured, with a defense in connection with the Bayberry Lawsuit.

Cincinnati is jointly and severally liable for all defense costs incurred by KB HOME in connection with the Bayberry Lawsuit.

51. Cincinnati has breached its duty to defend KB HOME under the Cincinnati Policies by refusing to defend KB HOME in connection with the Bayberry Lawsuit.

52. As a direct and proximate result of Cincinnati's breach of its duty to defend, KB HOME has suffered damages, including, but not limited to, attorneys' fees and other costs KB HOME has been forced to incur to defend itself in connection with the Bayberry Lawsuit. These damages are continuing in nature.

**WHEREFORE**, KB HOME respectfully requests that the Court enter judgment against Cincinnati awarding KB HOME compensatory damages directly and proximately caused by Cincinnati's breach of its contractual duty to defend KB HOME, together with prejudgment interest, attorneys' fees pursuant to Florida Statutes § 627.428, costs, and such other and further relief as the Court may deem just and proper, including, without limitation, incidental and consequential damages.

## COUNT II
## DECLARATORY JUDGMENT AGAINST CINCINNATI

53. KB HOME re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

54. Upon information and belief, Cincinnati disputes one or more of the allegations herein, including, without limitation, the allegation that Cincinnati owes a duty to defend KB HOME as an Additional Insured in connection with the Bayberry Lawsuit.

55. By reason of the foregoing, an actual and justiciable controversy exists between KB HOME and Cincinnati regarding their respective rights and obligations under

the Cincinnati Policies, including, but not limited to, Cincinnati's obligation to defend KB HOME as an Additional Insured in connection with the Bayberry Lawsuit.

56. An order from the Court will resolve these disputes between the parties concerning their respective rights and obligations.

57. KB HOME is entitled to a declaratory judgment, *inter alia*, that:

(a) Cincinnati's duty to defend KB HOME was triggered by the Complaints in the Bayberry Lawsuit;

(b) Cincinnati has a personal and indivisible obligation to provide a defense to KB HOME in connection with the Bayberry Lawsuit;

(c) Cincinnati is jointly and severally liable for all defense costs incurred by KB HOME in connection with the Bayberry Lawsuit;

(d) Cincinnati is obligated to reimburse KB HOME for all attorneys' fees and other litigation costs incurred in connection with its defense of the Bayberry Lawsuit;

(e) Because Cincinnati has failed to defend KB HOME in connection with the Bayberry Lawsuit, its obligation to reimburse KB HOME for all attorneys' fees and other litigation costs incurred in connection with its defense of the Bayberry Lawsuit includes amounts incurred before the date on which Cincinnati was notified of the Bayberry Lawsuit;

(f) Cincinnati owes a present duty to defend KB HOME in connection with the Bayberry Lawsuit; and

  (g) Cincinnati has forfeited any right to control KB HOME's defense of the Bayberry Lawsuit, including any right to select or approve KB HOME's defense counsel.

**WHEREFORE**, KB HOME respectfully requests that the Court enter judgment against Cincinnati awarding KB HOME the relief outlined above, together with attorneys' fees pursuant to Florida Statutes § 627.428, costs, and such other and further relief as the Court may deem just and proper, including, without limitation, any further relief to which KB HOME is entitled pursuant to 28 U.S.C. § 2202.

## COUNT III
## BREACH OF DUTY TO DEFEND AGAINST MID-CONTINENT

58. KB HOME re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

59. The Mid-Continent Policies are written contracts of insurance obligating Mid-Continent to defend KB HOME, as an Additional Insured, against any claim seeking damages because of property damage that results from Branco's work, takes place during the policy period, and is caused by an occurrence. Mid-Continent's contractual duty to defend is separate and apart from its duty to indemnify and is triggered if there is any potential for coverage.

60. The Complaints allege facts that create the potential for coverage under the Mid-Continent Policies, thereby triggering Mid-Continent's duty to defend.

61. Mid-Continent has a personal and indivisible obligation to provide KB HOME, as its Additional Insured, with a defense in connection with the Bayberry Lawsuit.

Mid-Continent is jointly and severally liable for all defense costs incurred by KB HOME in connection with the Bayberry Lawsuit.

62. Mid-Continent has breached its duty to defend KB HOME under the Mid-Continent Policies by refusing to defend KB HOME in connection with the Bayberry Lawsuit.

63. As a direct and proximate result of Mid-Continent's breach of its duty to defend, KB HOME has suffered damages, including, but not limited to, attorneys' fees and other costs KB HOME has been forced to incur to defend itself in connection with the Bayberry Lawsuit.  These damages are continuing in nature.

**WHEREFORE**, KB HOME respectfully requests that the Court enter judgment against Mid-Continent awarding KB HOME compensatory damages directly and proximately caused by Mid-Continent's breach of its contractual duty to defend KB HOME, together with prejudgment interest, attorneys' fees pursuant to Florida Statutes § 627.428, costs, and such other and further relief as the Court may deem just and proper, including, without limitation, incidental and consequential damages.

## COUNT IV
## DECLARATORY JUDGMENT AGAINST MID-CONTINENT

64. KB HOME re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 46 as if fully set forth herein.

65.  Upon information and belief, Mid-Continent disputes one or more of the allegations herein, including, without limitation, the allegation that Mid-Continent owes a duty to defend KB HOME as an Additional Insured in connection the Bayberry Lawsuit.

66. By reason of the foregoing, an actual and justiciable controversy exists between KB HOME and Mid-Continent regarding their respective rights and obligations under the Mid-Continent Policies, including, but not limited to, Mid-Continent's obligation to defend KB HOME as an Additional Insured in connection with the Bayberry Lawsuit.

67. An order form the Court will resolve these disputes between the parties concerning their respective rights and obligations.

68. KB HOME is entitled to a declaratory judgment, *inter alia*, that:

(a) Mid-Continent's duty to defend KB HOME was triggered by the Complaints in the Bayberry Lawsuit;

(b) Mid-Continent has a personal and indivisible obligation to provide a defense to KB HOME in connection with the Bayberry Lawsuit;

(c) Mid-Continent is jointly and severally liable for all defense costs incurred by KB HOME in connection with the Bayberry Lawsuit;

(d) Mid-Continent is obligated to reimburse KB HOME for all attorneys' fees and other litigation costs incurred in connection with its defense of the Bayberry Lawsuit;

(e) Because Mid-Continent has failed to defend KB HOME in connection with the Bayberry Lawsuit, its obligation to reimburse KB HOME for all attorneys' fees and other litigation costs incurred in connection with its defense of the Bayberry Lawsuit includes amounts incurred before the date on which Mid-Continent was notified of the Bayberry Lawsuit;

(f)    Mid-Continent owes a present duty to defend KB HOME in connection with the Bayberry Lawsuit; and

(g)    Mid-Continent has forfeited any right to control KB HOME's defense of the Bayberry Lawsuit, including any right to select or approve KB HOME's defense counsel.

**WHEREFORE**, KB HOME respectfully requests that the Court enter judgment against Mid-Continent awarding KB HOME the relief outlined above, together with attorneys' fees pursuant to Florida Statutes § 627.428, costs, and such other and further relief as the Court may deem just and proper, including, without limitation, any further relief to which KB HOME is entitled pursuant to 28 U.S.C. § 2202.

## JURY DEMAND

KB HOME hereby demands a trial by jury of all issues triable as of right by jury in its Complaint.

Dated:  August 20, 2019

Respectfully submitted,

*/s/ Matthew R. Cogburn*
Matthew R. Cogburn (Trial Counsel)
Florida Bar No. 0288100
COGBURN LAW FIRM, P.A.
601 South Boulevard
Tampa, FL 33607
Telephone:  813-250-3444
Facsimile:  813-229-4133
mcogburn@cogburnlegal.com

Of counsel:
Eric M. Gold
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone:  202-663-8000
Facsimile:  202-663-8007
eric.gold@pillsburylaw.com

*Attorneys for Plaintiff*
*KB HOME Orlando LLC*