UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KB HOME ORLANDO LLC,

     Plaintiff,

v.

MID-CONTINENT CASUALTY
COMPANY,

     Defendant.

CASE NO. 6:19-cv-01573-RBD-EJK

### PLAINTIFF KB HOME ORLANDO LLC'S NOTICE OF FILING DOCUMENTS IN SUPPORT OF MOTION FOR DAMAGES AND PREJUDGMENT INTEREST

Pursuant to the Court's Order, Doc. 110, Plaintiff KB HOME Orlando LLC ("KBO") gives notice of filing the following documents[1] in support of its Motion for Damages and Prejudgment Interest, Doc. 93 ("Motion"):

1.     Composite Exhibits A to C hereto include invoices issued by Carlton Fields, P.A. ("Carlton Fields") for the lawsuit filed by the Bayberry Lakes Homeowners Association, Inc. and the individual owners of 57 homes in the Bayberry Lakes project (the "Bayberry Lawsuit").[2]  These invoices do not show the 5% courtesy discount that was applied to all invoiced attorneys' fees.  However, the damages

---

[1]  To avoid burdening the Court by separately filing each of the 107 documents supporting KBO's Motion, KBO has consolidated them into composite exhibits (with bookmarks showing each document) based on the relevant document categories.  However, if preferred and upon request, KBO will file the individual documents or submit them directly to the Court.

[2]  These documents were produced to Defendant Mid-Continent Casualty Company ("MCC") at KB_BAYBERRY_00005179 to 00005674.  Doc. 104-1 at 4.

claimed in KBO's Motion have been reduced to reflect that discount.  Doc. 93 at 6-7; Doc. 93-1 at 1-2 (Ref. No. 1-72).

2.    Composite Exhibit D hereto includes the supporting documents for expenses and costs greater than $500 that were included in Carlton Fields' invoices for the Bayberry Lawsuit.[3]  KBO's Motion seeks a total of $188,209.93 in expenses and costs included in Carlton Fields' invoices.  Doc. 93 at 6-7; Doc. 93-1 at 1-2 (Ref. No. 1-72).  These documents support $178,001.38 of that total.  The remaining $10,208.55 in expenses and costs less than $500 are itemized in Carlton Fields' invoices and include, e.g., PACER charges, copying and mailing costs, service of process, and e-discovery data hosting charges.

3.    Exhibit E hereto is a report generated by Carlton Fields' billing system reflecting proof of payment of Carlton Fields' invoices for the Bayberry Lawsuit (as well as Carlton Fields' write-offs).[4]  Doc. 93 at 6-7; Doc. 93-1 at 1-2 (Ref. No. 1-72). Because KBO and its affiliates have retained Carlton Fields in connection with more than 1,500 separate matters, checks issued to Carlton Fields include payment of multiple invoices for multiple matters.  For example, one check included payment of more than 1,000 separate invoices, only five of which were for the Bayberry Lawsuit. Doc. 104-1 at 3.  Accordingly, KBO produced the report from Carlton Fields' billing system that identifies not only the amounts actually paid for each of Carlton Fields' invoices, but also Carlton Fields' write-offs (including the 5% courtesy discount).

---

[3]  These documents were produced at KB_BAYBERRY_00005675 to 00005742.  Doc. 104-1 at 4.
[4]  This document was produced at KB_BAYBERRY_00005755 to 00005761.  Doc. 104-1 at 3.

4.      Composite Exhibit F hereto includes invoices issued directly to KBO by U.S. Legal Support ("U.S. Legal") and Alta Engineering Company ("Alta") for the Bayberry Lawsuit that are not reflected in Carlton Fields' invoices.[5]  Doc. 93 at 7-8; Doc. 93-1 at 2-3 (Ref. No. 73-84).  The U.S. Legal invoices show the 2% courtesy discount that was applied to these transcript costs.  Only Alta's first invoice for expert services was issued directly to KBO; subsequent Alta invoices were issued to Carlton Fields and are therefore included in Composite Exhibit D.

5.      Composite Exhibit G hereto includes checks and associated check stubs reflecting proof of payment of the invoices issued directly to KBO by U.S. Legal and Alta.[6]  Doc. 93 at 7-8; Doc. 93-1 at 2-3 (Ref. No. 73-84).

In addition to these documents supporting KBO's attorneys' fees, expenses, and costs, MCC already has filed documents supporting the amounts paid by KBO to settle the Bayberry Lawsuit.  Doc. 93 at 8-9; Doc. 93-1 at 3; Doc. 105-3; Doc. 105-4.  Any additional documents that the Court may require will be provided upon request.[7]

---

[5]  These documents were produced at KB_BAYBERRY_00005743 to 00005754.  Doc. 104-1 at 4.

[6]  These documents were produced at KB_BAYBERRY_00005176 to 00005178.  Doc. 104-1 at 4.

[7]  As set forth in KBO's Motion, MCC was required to provide a complete defense to KBO and is therefore liable for all amounts actually paid by KBO to defend and settle the Bayberry Lawsuit.  Doc. 93 at 4-6, 9.  Furthermore, the amounts incurred by KBO are presumptively reasonable, and the lodestar analysis does not apply to attorneys' fees claimed as damages for breach of contract.  Doc. 93 at 10-11.  Therefore, it is KBO's position that expert testimony is not required to determine the amount of damages to which KBO is entitled.  However, most of MCC's arguments (other than those based upon its alleged exhaustion defense, which is not part of the pleadings, Doc. 109) are based upon the purported opinions of its fee expert.  Doc. 104 at 9-14; Doc. 105-2.  As recognized by the Court, expert discovery in this case was bifurcated and stayed.  Doc. 48; Doc. 109 at 1-2.  Accordingly, while both parties have filed expert reports, there have been no expert disclosures, no expert depositions, and no opportunity for KBO to prepare a rebuttal report.  To the extent that the Court intends to rely upon any of the "reductions" proposed by MCC's expert, KBO respectfully requests that the parties be permitted to engage in expert discovery.

3

Dated:  July 7, 2021

Respectfully submitted,

/s/ Eric M. Gold
Matthew R. Cogburn
Florida Bar No. 0288100
COGBURN LAW FIRM, P.A.
515 W Bay St., Suite 210
Tampa, FL 33606
Telephone:  813-250-3444
Facsimile:  813-229-4133
mcogburn@cogburnlegal.com

Eric M. Gold (admitted *pro hac vice*)
PILLSBURY WINTHROP
SHAW PITTMAN LLP
1200 Seventeenth Street NW
Washington, DC 20036
Telephone:  202-663-8000
Facsimile:  202-663-8007
eric.gold@pillsburylaw.com

*Attorneys for Plaintiff*
*KB HOME Orlando LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 7th day of July, 2021, which will send an electronic notice to all counsel of record.

/s/ Eric M. Gold
Attorney

4