UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

KB HOME ORLANDO LLC,

        Plaintiff,

v.

MID-CONTINENT CASUALTY CO.,

        Defendant.

CASE NO. 6:19-cv-01573-RBD-EJK

## KB HOME ORLANDO LLC'S RESPONSE TO COURT'S ORDER

KB HOME Orlando LLC ("KBO") submits this brief addressing the two issues raised in the Court's Order (Doc. 121).

## I.    KBO DID NOT WAIVE ANY ARGUMENTS

The fact that KBO did not anticipate a position first asserted by Mid-Continent Casualty Company ("MCC") months after KBO filed its motion for damages was not, and could not be, a waiver of KBO's arguments in response.  A waiver is the "intentional relinquishment or abandonment of a known right or privilege."  *Hale v. Dep't of Revenue*, 973 So. 2d 518, 522 (Fla. 1st DCA 2008) (quotation omitted).  "Mere delay is insufficient" to establish a waiver based on conduct.  *Id.* at 523.  Rather, "there must be unequivocal acts or conduct evincing an intent to waive; intent cannot be inferred from doubtful and ambiguous factors."  22 Fla. Jur. 2d Estoppel & Waiver § 118.  Whether there has been a waiver is a question of fact "reviewed for competent, substantial evidence."  *Hale*, 973 So. 2d at 523.

KBO could not have intentionally abandoned any arguments when filing this

1

case because it had no reason to believe that the mere naming of certain affiliates in the underlying class action Bayberry Lawsuit would have any bearing on KBO's claims against MCC.  MCC never raised the issue of KBO's affiliates in its one-page denial asserting the lack of an "insured contract" or in its two motions to dismiss.  *See* Docs. 64-17; 36; 45.  Further, KBO's complaints expressly alleged not only that the subcontracts with MCC's named insured, Branco Lath & Stucco, Inc. ("Branco"), required coverage for KBO's parents, subsidiaries, and affiliates, but also that MCC's policy effectuates that requirement by naming "KB HOME."[1]  Docs. 1 ¶¶ 17, 42-43; 16 ¶¶ 15, 32-33; 42 ¶¶ 15, 40-41.  In no circumstance can the express preservation of an argument be construed as unequivocal evidence of intent to abandon that argument. The fact that KBO filed suit on its own behalf is thus not a waiver.

Similarly, when KBO responded to the Court's Order and identified the damages "it believes it is entitled to in this action," Doc. 86 at 14,[2] there had been no period of discovery regarding damages, and MCC had yet to suggest that the inclusion of KBO's affiliates in the Bayberry Lawsuit had any bearing on this case.  KBO is specifically named as an additional insured on the policy MCC issued to Branco.  It was sued in the Bayberry Lawsuit and is the lead party in the third-party complaint.  It is the party named in the summonses issued to subcontractors named in the third-party complaint.  Written records confirm that it contracted with at least six of those

---

[1]  MCC asserts that "there is no legal entity named KB HOME."  Doc. 117 at 14 n. 5.  Because MCC refused to provide any discovery regarding its underwriting of the policy, Doc. 99-3 at 2-3, the only reasonable conclusion is that MCC thus intended to insure any and all KB entities when it identified "KB HOME" in the policy.

[2]  KBO presumes that the reference to its "original motion" in Doc. 121 means Doc. 93.

subcontractors (including Branco), one of which filed an answer to "KB HOME Orlando, LLC's Third-Party Complaint." It negotiated and executed the settlements resolving the Bayberry Lawsuit. *See* Doc. 105-4. And, unlike MCC, it knows firsthand that the plaintiffs in the Bayberry Lawsuit pursued undifferentiated claims against KBO in an effort to satisfy the commonality and typicality requirements for class certification.[3] KBO had no reason to believe MCC would argue it was obligated to pay only a fraction of the damages actually incurred. That KBO did not anticipate that argument in its original motion was not, and could not be, a waiver.

## II.   KBO IS ENTITLED TO ALL AMOUNTS INCURRED IN ITS DEFENSE

When MCC wrongfully refused to defend KBO, it "forfeited any right that it had to control" KBO's defense. Doc. 86 at 13. "In such a case the insurer cannot complain about the conduct of the defense by the insured, [and] cannot dictate to the insured how the case should be handled." *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n*, 483 So. 2d 513, 517-18 (Fla. 3d DCA 1986) (quotation omitted). Because of this "well established" principle, *id.*, it is not surprising that Florida courts do not seem to have addressed a circumstance in which the insurer disputes specific amounts incurred by its insured based on the claim that those amounts benefited an uninsured party.[4]

---

[3]   *See, e.g.*, *Bayberry Lakes Homeowners Ass'n, Inc. et al. v. Boeneman et al.*, Case No. 6:18-cv-00072-CEM-GJK (M.D. Fla.), Docs. 2 (am. compl.); 20 (2d am. compl.); 43 (answer and third-party compl.); 44-54 (summonses); 62 (answer to third-party compl.); 131-33 (mot. to certify class). MCC recently asserted that the Bayberry Lawsuit would have been more limited if KBO had been named as the only defendant. Doc. 117 at 17. This prediction about a theoretical, alternative case has no basis.

[4]   Because KBO seeks *damages* caused by MCC's *breach of contract*, the cases previously cited by MCC in the context of statutory fee shifting (i.e., the limited exceptions to the "American Rule" that a party bears its own attorneys' fees vis-à-vis other parties in the same lawsuit) simply have no bearing. *See* Doc. 104 at 13-14; *see, e.g.*, *Polanco v. Igor & Co., Inc.*, No. 18-cv-60932, 2019 WL 3999633, at *8

Courts that have addressed this issue in the context of general liability insurance like MCC's policy appear to agree that "there is no support in precedent or logic by which an insurer's obligation to defend its insured is steadily diminished as the insured's opponent in the underlying action adds parties to the insured's side of the caption." *High Point Design, LLC v. LM Ins. Corp.*, No. 14-cv-7878, 2016 WL 426594, at *4 (S.D.N.Y. Feb. 3, 2016). The mere fact that "another defendant benefitted from the work does not completely or partially absolve [the insurer] from its obligations." *Value Wholesale, Inc. v. KB Ins. Co. Ltd.*, No. 18-cv-5887, 2020 WL 6393016, at *7 (E.D.N.Y. Nov. 2, 2020). Rather, "[t]he correct result is that [the insurer] is liable for the work . . . that benefitted [the insured], *or* that benefitted [the insured] and [the uninsured] *jointly*." *Id.* (emphasis added).[5] This is particularly true when, as in the Bayberry Lawsuit, the underlying plaintiffs assert a single cause of action and do not distinguish among the various defendants. *See Rockhill Ins. Co. v. Hoffman-Madison Waterfront, LLC*, 417 F. Supp. 3d 50, 68-69 (D.D.C. 2019) (expressly rejecting the insurer's proposed 50% allocation based on vague arguments that it would be "equitable"). Under this reasoning, KBO need only make a prima facie showing that

(S.D. Fla. July 31, 2019) (plaintiff entitled to recover fees from only one of multiple defendants). Even in that context, if fees are available for only some of the claims in the case, the party must be given an opportunity to present evidence that all of the claims are "inextricably intertwined" such that it is entitled to a full award of fees. *See, e.g.*, *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th DCA 2002) (affirming fee award based on "competent, substantial evidence" that claims were "so inextricably intertwined that reasonable apportionment . . . was impractical").

[5] This is consistent with general principles of Florida law with respect to damages for breach of contract. *See, e.g.*, *Perera v. Diolife LLC*, 274 So. 3d 1119, 1124 (Fla. 4th DCA 2019) ("non-breaching party is entitled to recover the benefit of its bargain under a contract") (quotation omitted); Doc. 86 at 12 ("If the insurer breaches its duty to defend, it – like any other party who fails to perform its contractual obligations – becomes liable for all damages naturally flowing from the breach.") (quoting *Carrousel*, 483 So. 2d at 517).

4

amounts were incurred in its defense; MCC then bears the burden of proving that specific amounts were incurred solely on behalf of uninsured parties, if any such allocation is even factually possible. *Value Wholesale*, 2020 WL 6393016, at *6-7; *High Point*, 2016 WL 426594, at *3-4; *Rockhill*, 417 F. Supp. 3d at 68-69.

KBO submits that these cases reflect the appropriate legal framework and that KBO has already made a prima facie showing that the damages in its motion were part of its defense.[6] KBO also notes with respect to damages issues: there has been no period of discovery (fact or expert); neither KBO nor MCC has filed a summary judgment motion subject to the important safeguards of Federal Rule of Civil Procedure 56; and there has been no hearing or trial at which the parties could present evidence consistent with the Federal Rules of Evidence. As such, if there is any question regarding the amounts to which KBO is entitled, KBO is fully prepared—and must be allowed—to present additional evidence supporting its damages, including the testimony of its defense counsel in the Bayberry Lawsuit.[7]

---

[6] While MCC bears the burden of identifying amounts incurred solely on behalf of KBO's affiliates, it has not done so except to suggest that two invoices (for a total of $1,189) paid by KBO for copies of deposition transcripts were somehow not part of KBO's own defense. *See* Doc. 104 at 12.

[7] The one case previously cited by MCC does not dictate an outcome different than the *High Point* line of cases. *See* Doc. 117 at 16-17. Indeed, MCC's selective quotations omit critical aspects of that court's holding: "When, as here, [the insured] chooses to enter into a joint defense, then the insurers continue to remain responsible to pay all reasonable attorney's fees incurred by [the insured's] legal team, provided the work is reasonably related to the defense of [the insured], *regardless of whether that work is shared with other members of the joint defense team and thereby benefits uninsured parties.*" *Watts Water Techs., Inc. v. Fireman's Fund Ins. Co.*, No. 05-2604, 2007 WL 2083769, at *7 (Mass. Super. Ct. July 11, 2007) (emphasis added). Because this "reasonably related" standard is generally applied in cases involving directors and officers insurance, it should not be applied here. *See id.* at *6; *Cont'l Cas. Co. v. Bd. of Educ. of Charles Cnty.*, 489 A.2d 536, 542-43 (Md. 1985) (discussing D&O insurance that does not include duty to defend language or a reference to the defense of groundless claims).

Dated:  November 12, 2021                    Respectfully submitted,

                                             /s/ Eric M. Gold
                                             Matthew R. Cogburn
                                             Florida Bar No. 0288100
                                             COGBURN LAW FIRM, P.A.
                                             515 W Bay St., Suite 210
                                             Tampa, FL 33606
                                             Telephone:  813-250-3444
                                             Facsimile:  813-229-4133
                                             mcogburn@cogburnlegal.com

                                             Eric M. Gold (admitted *pro hac vice*)
                                             PILLSBURY WINTHROP
                                             SHAW PITTMAN LLP
                                             1200 Seventeenth Street NW
                                             Washington, DC 20036
                                             Telephone:  202-663-8000
                                             Facsimile:  202-663-8007
                                             eric.gold@pillsburylaw.com

                                             *Attorneys for Plaintiff*
                                             *KB HOME Orlando LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and accurate copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system on this 12th day of November, 2021, which will send an electronic notice to all counsel of record.

                                             /s/ Eric M. Gold
                                             Attorney

6