# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KB HOME ORLANDO LLC,

      Plaintiff,

vs.                                  CASE NO. 6:19-cv-01573-RBD-EJK

MID-CONTINENT CASUALTY COMPANY,

      Defendant.             /

## DEFENDANT'S RESPONSE TO COURT ORDER [DE 121]

### A.    KBO's co-defendants' fees are not at issue and KBO has waived any argument for recovery of them.

"It is axiomatic that the Court cannot grant relief which is not requested." *PK v. Melleby*, No. 18-485, 2019 U.S. Dist. LEXIS 146994, *30 (D.N.J. Aug. 28, 2019) (plaintiff must seek leave to amend to pursue claims not alleged). *See also U.S. v. Stem Cell Clinic, LLC*, 987 F. 3d 1021, 1025 (11th Cir. 2021) ("The district court cannot be faulted for failing to grant relief not requested."). KBO does not dispute it only asserted claims regarding KBO and not any co-defendants. (*Accord generally* DE 42 & 93 (pursuing relief only on behalf of KBO).) KBO nevertheless contends there is no waiver since it "did not anticipate" and "had no reason to believe" its co-defendants affected litigation. (DE 122 at pp. 1-3 (claiming that at the time of damage briefing MCC "had yet to suggest that the inclusion of KBO's affiliates in the Bayberry Lawsuit had any bearing on this

1024014\309498189.V3

case," that MCC first asserted this position "months after KBO filed its motion for damages," and that "KBO had no reason to believe MCC would argue it was obligated to pay [only KBO's defense fees]").)  In actuality, MCC asserted this position as early as its Answer.  (DE 55 at p. 7 ¶ 1, p. 12 ¶ 33.)  Moreover, discovery indicated KBGC retained Branco.  (DE 69-18 through 69-27.)[1]  It defies logic that KBO would not anticipate MCC's expressly-asserted position.

Had KBO ever asserted claims for relief regarding the co-defendants, MCC would have defended such claims.[2]  Since KBO had ample opportunity to add parties or seek relief regarding other KB affiliates, its "total lack of diligence" dooms its ability to now pursue unpled nonparty relief, all the more so because inclusion of such claims "would cause undue prejudice by substantially expanding the scope of this litigation." (*See* KBO's Oppo. to MCC's motion for leave [DE 99] at pp. 11, 14 (citations omitted)).  MCC has not been afforded an

---

[1] KBO's *unsupported* statement that "written records confirm [KBO] contracted with . . . Branco" (DE 122 at pp. 2-3) is untrue.  Nor has the Court found KBO contracted with Branco.  (*See* DE 86 at p. 9 (finding that whether Branco worked for KBO "is hotly contested with evidence").)

[2] KBO argues that because MCC "refused to provide any discovery regarding its underwriting, . . . MCC thus intended to insure any and all KB entities." (DE 122 at n.1.)  Not so.  MCC objected to underwriting discovery as irrelevant since "this lawsuit solely concerns a coverage dispute as to whether or not KBO qualifies as an additional insured under an insurance policy for purposes of the Bayberry Lawsuit and whether MCC breached a duty to defend KBO." (DE 99-3 at p. 3.)  After that objection was raised, discovery regarding the insured status of "any and all KB entities" was not pursued because no such claim was asserted.  MCC disputes its policy is "intended to insure any and all KB entities." *Accord NLRB v. Quality C.A.T.V., Inc.*, 824 F.2d 542, 546 (7th Cir. 1987) ("other evidence may exist or other arguments might be made that the party reasonably chose not to pursue or emphasize in the defense of the only claim of which it had been informed.  In such a case the unalleged claim has not been fully and fairly litigated.")

1024014\309498189.V3

opportunity to present defenses and evidence against unalleged co-defendant claims and so KBO has waived recovery of its co-defendants' fees and costs. To hold otherwise would violate MCC's due process rights. *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) ("Due process requires that there be an opportunity to present every available defense."); *Kipu Sys. v. Zencharts*, 2020 U.S. Dist. LEXIS 257913, *23 (S.D. Fla. Nov. 24, 2020) ("a judgment may not be based on issues not presented in the pleadings and not tried with the consent of the parties").

### B.   No authority for award of fees and costs incurred by non-parties.

Since the "unalleged claim" about KBO's co-defendants' fees and costs "has not been fully and fairly litigated," *Quality C.A.T.V.*, *supra*, 824 F.2d at 546, there is no authority for granting relief. Generally, a court "may not attempt to determine the rights [e.g., insured status] of persons not before the court." *Araca Merch. L.P. v. Doe*, 182 F. Supp. 3d 1290, 1296 (S.D. Fla. 2016) (quoting *Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983)). *See, e.g., In re Baycol Prods. Litig.*, No. MDL 1431, 2004 U.S. Dist. LEXIS 32412, *11 (D. Minn. May 4, 2004) (court "unable to grant relief" regarding nonparties). MCC is unaware of any authority for an award of fees and costs incurred by non-parties in similar circumstances.

KBO's response does not identify any authority either and instead reiterates that the Bayberry Lawsuit "did not distinguish among the various defendants" and that it is irrelevant, under New York law, that fees benefitted

co-defendants.  (DE 122 at pp. 4-5.)  This mis-frames the issues,[3] exceeds the scope authorized (DE 121) (allowing briefing on fees incurred by non-parties in similar circumstances), and circumvents the order denying KBO's motion for leave to further brief these same arguments.  (DE 120.)  It should be disregarded.

In any case, KBO's cases are inapposite because they either do not involve insurance disputes[4] or do not involve awards of fees and costs incurred by non-parties.  Instead, they involve fees incurred by an insured, which were found to benefit the insured and a co-defendant jointly.  In that situation, these New York courts found that the insured, having made the payments, was entitled to reimbursement from its insurer, but that the insurer could seek contribution from

---

[3] The Bayberry Lawsuit *did* distinguish among the defendants by alleging that KBO was liable for constructing 147 of the homes at issue and that KBO's co-defendants' liabilities pertained to the remaining 128 homes.  (*See, e.g.*, DE 42-10 at Ex. B.)  KBO's citation to *Rockhill Ins. Co. v. Hoffman-Madison Waterfront, LLC*, 417 F. Supp. 3d (D.D.C. 2019), where the pleadings did not contain this sort of distinction, is impertinent. And, MCC is not complaining that some of the fees KBO submitted for payment benefitted its co-defendants, **but rather that some of the fees KBO submitted for payment were not KBO's defense fees in the first place; they were its co-defendants' fees, which were paid on behalf of the co-defendants by KB HOME (not KBO).** As the R&R found, each KB entity "does not maintain accounts at the division level" so the fees incurred by each division were paid by KB HOME on their behalves.  (DE 111-7; 148:14-18; DE 115 at p. 4.)  Yet KBO submitted **all** the fees KB HOME paid, including the fees of the nonparty co-defendants and including work pertaining only to the other divisions or the "qualifying agent"/"individual qualifier" co-defendants.  (*See* DE 111-1 through -3, DE 115 at pp. 11-12.)

[4] *Anglia Jacs & Co., Inc. v. Dubin*, 830 So. 2d 169, 172 (Fla. 4th DCA 2002) involved fees under a lease agreement not an insurance policy, and KBO's own cases otherwise confirm that the relationship of claims asserted against insureds and uninsureds cannot expand an insurer's duty to defend since "the insurance company is only liable for the expenses of defending certain defendants.  If additional expenses were incurred in defense of the action on behalf of the non-covered defendants, there is no reason why the insurance company should be required to pay," *Rockhill Ins.*, 417 F. Supp. 3d at 68, particularly where, as here, apportionment is viable based upon the KB entities' alleged construction liabilities.  (*See, e.g.*, DE 42-10 at Ex. B.)

the co-defendant to the extent the co-defendant also benefitted. *See Value Wholesale, Inc. v. KB Ins. Co.*, 2020 U.S. Dist. LEXIS 203659, *20-21 (E.D.N.Y. 2020); *High Point Design, LLC v. LM Ins. Corp.*, No. 14-cv-7878, 2016 U.S. Dist. LEXIS 12690, *12 (S.D.N.Y. Feb. 3, 2016), *vacated in part by* 911 F.3d 89 (2d Cir. 2018). This procedure presupposes that, unlike here, the insured itself incurred and paid the fees to be recovered, *see* n.3, *supra*, and it is inappropriate if, as here, the insured did not first show the fees "were spent in its [own] defense." *Value*, 2020 U.S. Dist. LEXIS 203659 at *19, 21.[5]

Rather than require MCC to sue KB HOME for reimbursement of the fees that benefitted divisions other than KBO, the Court should simply award KBO its own fees (corresponding to its alleged liability, e.g., for defectively constructing 147 homes). That is the only relief KBO pled and it is the only relief to which Florida law entitles it since KB HOME would have incurred KBO's co-defendants' fees irrespective of MCC's breach. *See Mid-Continent Cas. Co. v. Adams Homes of NW Fla., Inc.*, 809 Fed. App'x 719, 722 (11th Cir. 2020) (holding that where insurer breaches duty to defend, insured is only entitled to be put "in the same position it would have been had [the insurer] not breached").

---

[5] Any contention that 100% of the fees KB HOME paid were KBO's (and 0% KBO's co-defendants') is absurd and was properly rejected since it is belied by the record. Mr. Gay's opinion explains that the fees submitted document efforts defending the "Defendants" (i.e., the KB divisions and affiliates) and includes time for "37 GB of data," which included the homes KBO did not construct and for which it bore no liability, and which time would have been charged to KBO's co-defendants, not KBO. (*See* n.3, *supra. See* DE 93-2 & DE 111-1 through -3.)

5

Respectfully submitted,

*/s/ Daniel C. Shatz*
**RONALD L. KAMMER**
Florida Bar No. 360589
rkammer@hinshawlaw.com
**PEDRO E. HERNANDEZ**
Florida Bar No. 30365
phernandez@hinshawlaw.com
**DANIEL C. SHATZ**
Florida Bar No. 94696
dshatz@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd., 4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063

## CERTIFICATE OF SERVICE

I hereby certify that on November 19, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

*/s/ Daniel C. Shatz*
**DANIEL C. SHATZ**

6

1024014\309498189.V3