# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

KB HOME ORLANDO LLC,

    Plaintiff,

v.                                                         Case No. 6:19-cv-1573-RBD-EJK

MID-CONTINENT CASUALTY
COMPANY,

    Defendant.
_____

## ORDER

Before the Court are:

1. Plaintiff KB Home Orlando LLC's Motion for Damages and Prejudgment Interest (Doc. 93 ("Motion"));

2. Defendant's Response in Opposition to Plaintiff's Motion for Damages and Prejudgment Interest (Doc. 104);

3. U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation (Doc. 127 ("R&R"));

4. Plaintiff KB Home Orlando LLC's Objection to Report and Recommendation (Doc. 128 ("Objection")); and

5. Mid-Continent Casualty Company's Opposition to KB Home Orlando LLC's Objection to Report and Recommendation (Doc. 129).

Plaintiff's Objection is due to be overruled and the R&R adopted.

## BACKGROUND

Plaintiff, a construction company, had an insurance policy with Defendant, an insurer, which included a duty to defend. (Doc. 64-11 ("Policy").) Plaintiff was sued in state court ("Suit") and Defendant refused to defend. (Doc. 86, p. 14.) So Plaintiff retained counsel for its own defense and the defense of its co-defendants—entities related to Plaintiff's parent company. (Doc. 116, p. 11 & n.10.) After the Suit concluded, Plaintiff sued here and sought attorney's fees and costs incurred while defending itself in the Suit as damages. (Doc. 42, ¶ 56.)

The Court found Defendant had a duty to defend Plaintiff in the Suit. (Doc. 86, p. 14.) Plaintiff then filed the Motion, seeking fees and costs paid to its counsel to defend the Suit as damages here. (Doc. 93.) On referral, U.S. Magistrate Judge Embry J. Kidd first recommended granting recovery but reducing the requested award to $602,191.80. (Doc. 115, pp. 15–16.) The Court ordered new briefing and remanded the first R&R in part for Judge Kidd to consider whether it would be fair to reduce the fee award to account for co-defendant fees. (Docs. 121, 124.) Judge Kidd now renews his recommendation that the fee award be reduced. (Doc. 127.) And Plaintiff renews its objection to the fee reduction. (Doc. 128.)

## STANDARD

When a party objects to a magistrate judge's findings, the district judge must

"make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## ANALYSIS

Judge Kidd recommends reducing Plaintiff's counsel's fees by 46.55% because of work performed for Plaintiff's co-defendants in the Suit. (Doc. 127; *see* Doc. 64-10.) Plaintiff objects, arguing that fees incurred by the nonparty state court co-defendants should be recoverable as its own damages because Defendant had to defend Plaintiff in full, so it should be responsible for all the fees. (Doc. 128.) The Court agrees with Judge Kidd.

Only reasonable attorney's fees are recoverable as damages when an insurer breaches its duty to defend. *See, e.g.*, *Fla. Ins. Guar. Ass'n, Inc. v. All the Way with Bill Vernay, Inc.*, 864 So. 2d 1126, 1129 (Fla. 2d DCA 2003); *Carrousel Concessions, Inc. v. Fla. Ins. Guar. Ass'n*, 483 So. 2d 513, 517 (Fla. 3d DCA 1986). Plaintiffs must establish their entitlement to damages. *See Sea World of Fla., Inc. v. Ace Am. Ins. Cos.*, 28 So. 3d 158, 160 (Fla. 5th DCA 2010); *Air Caledonie Int'l v. AAR Parts Trading, Inc.*, 315 F. Supp. 2d 1319, 1337 (S.D. Fla. 2004).

On de novo review, the Court finds that the well-reasoned R&R supports the fee reduction, as requiring Defendant to pay for all of Plaintiff's fees would be

3

unfair.[1] To begin, Plaintiff only sought attorney's fees and costs it incurred while defending itself in the Suit—not any incurred in a joint defense with the uninsured co-defendants. (Doc. 42, ¶ 56.) Further, as it sued only on behalf of itself, not all the related entities, Plaintiff bore the risk it would not be fully reimbursed for all its requested fees. So Plaintiff fails to show that its requested fees are reasonable.[2] *See Carrousel*, 483 So. 2d at 517.

Besides reasonableness, Plaintiff also objects to Judge Kidd's method of calculating the offset for fees and costs attributable to the nonparty co-defendants. (Doc. 128.) But Judge Kidd's method is logically based on the number of homes constructed by Plaintiff alone, excluding those built by the co-defendants. (*See* Doc. 115, p. 12.) And though Plaintiff generally objects, it does not offer another method. (*See* Doc. 128.) With no proposed alternatives, the Court agrees with Judge Kidd that awarding fees based on the risk Defendant would have undertaken to defend Plaintiff is reasonably attributed to the houses Plaintiff constructed and for which it was sued. So Plaintiff's Objection is due to be overruled and the R&R adopted.

---

[1] The Court does not find persuasive Plaintiff's out-of-circuit cases that are either state-specific or appear at odds with Florida law. (*See, e.g.*, Doc. 128, pp. 8–9.)

[2] Plaintiff also failed to show that the nonparty co-defendants, who are related entities, were additional insureds under the Policy such that Defendant would have had a duty to defend them. (*See* Doc. 133.)

4

Accordingly, it is **ORDERED AND ADJUDGED**:

1. Plaintiff's Objection (Doc. 128) is **OVERRULED**.

2. The R&R (Doc. 127) is **ADOPTED**, **CONFIRMED**, and made a part of this Order in its entirety.

3. Plaintiff's Motion (Doc. 93) is **GRANTED IN PART AND DENIED IN PART**:

    a. The Motion is **GRANTED** in that Plaintiff is awarded $602,191.80[3] in attorney's fees, expenses, and costs and prejudgment interest.

    b. In all other respects, the Motion is **DENIED**.

4. The Clerk is **DIRECTED** to enter judgment and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 20, 2022.



ROY B. DALTON JR.
United States District Judge

---

[3] This includes the reduction the Court already adopted through Judge Kidd's first R&R. (*See* Docs. 115, 124.)

5